IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEPARTMENT OF FINANCE OF SUSSEX COUNTY, a political Subdivision of the State of Delaware, | : : : : |
| Plaintiff, | : : |
| v. | : Civil Action No. 17-1448-RGA : Superior Court of the State of |
| CLIFFORD E. POLK HEIRS, et al., | : Delaware in and for Sussex County : Case No. S17T-07-004 |
| Defendants, | : : |
| v. | : : |
| GEORGE K. TRAMMELL, III, | : : |
| Proposed Intervenor. | : |

George K. Trammell, III, Seaford, Delaware. Proposed Intervenor.

**<u>MEMORANDUM OPINION</u>**

December 1, 2017
Wilmington, Delaware

*signature*
ANDREWS, U.S. District Judge:

George K. Trammell, III, filed a notice of removal on October 16, 2017, of *Department of Finance of Sussex County v. Clifford E. Polk Heirs*, Delaware State Court C.A. No. S17T-07-004. (D.I. 2 & 2-1). Trammell appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). For the reasons discussed below, the Court will summarily remand the case to the Superior Court of the State of Delaware in and for Sussex County.

## FACTUAL AND PROCEDURAL BACKGROUND

Trammell removed this case, citing 28 U.S.C § 1443(1) and § 1446, and states that he cannot enforce his equal rights in the Delaware State Courts. (D.I. 2). Trammell identifies himself as a defendant, intervenor collateral heir. He alleges that he has been totally disenfranchised by Delaware Superior Court judges. Trammell attached to the notice of removal various exhibits, including: response to George K. Trammell, III's motion to intervene, quash, dismiss and stay filed in C.A. No. S17T-07-004; certificate of service to Mr. Todd Lawson, Sheriff Robert T. Lee, and Sussex County Administration Building; Sussex County Council tax bills and real estate tax statement; praecipe for monition, monition, and notice of delinquent taxes filed in C.A. No. S17T-07-004 on July 18, 2017; September 9, 2013 judgment by admission summary possession filed in the Justice of the Peace Court of the State of Delaware in and for Sussex County Court No. 17, C.A. No. JP17-13-004242; 42 U.S.C. § 2000h-2; August 8, 2017 order entered in the United State Court of Appeals for the Third Circuit in *Trammell v. Governor of Delaware*, No. 17-2588; last will and testament of Maria Polk; and register of wills receipt dated March 2, 2011. (D.I. 2-1 & 2-2).

The Court takes judicial notice that Plaintiff Department of Finance of Sussex County commenced the monition action on July 17, 2017 against Clifford E. Polk heirs, Joann Carroll, Eulalia Derrickson, and Corine Hollanworth, for unpaid property taxes for the years 2010 through 2015. (D.I. 2-1 at 11, 13). Trammel was not named as a defendant. On August 15, 2017, Trammell filed a verified peremptory petition for writ of prohibition in the Delaware Supreme Court, No. 323, 2017, asking the Delaware Supreme Court to issue a writ of prohibition to the Superior Court to prevent a sheriff's sale of real property located in Seaford, Delaware, in which Trammell claims an interest. See C.A. No. S17T-07-004 at BL-15. On September 25, 2017, the Delaware Supreme Court dismissed the petition. Matter of Trammel, 2017 WL 4250022 (Del. Sept. 25, 2017). The Supreme Court noted that while Trammell identified himself as an "intervenor" in the monition proceedings, he had not filed a motion to intervene in the action and must file a motion to intervene in Superior Court if he intended to intervene in the monition action. Id.

Trammell filed a motion to intervene on September 28, 2017. See C.A. No. S17T-07-004 at BL-10. The motion was denied on October 16, 2017, by an order filed the same date at 3:08 p.m. Id. at BL-31. The same day, Plaintiff filed his notice of removal in this Court twenty-two minutes later, at 3:30 p.m. (D.I. 2). On November 20, 2017, a writ was returned in C.A. No. S17T-07-004 indicating that the property at issue was sold on October 17, 2017 to the highest bidder. C.A. No. S17T-07-004 at BL-32.

**REMOVAL**

**Legal Standard.** The exercise of removal jurisdiction is governed by 28 U.S.C.

§ 1441(a), which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction. Typically, original jurisdiction would exist based on either a federal question or diversity of citizenship. The removal statutes are strictly construed, and require remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010. Upon a determination that a federal court lacks subject matter jurisdiction, the District Court is obligated to remand, *sua sponte*, to the state court from which it was removed. *See Scott v. New York Admin. for Children's Services*, 678 F. App'x 56 (3d Cir. 2017).

**Discussion.** The removal is procedurally defective. Trammell does not have standing to remove this case. He is not a defendant nor an intervenor in the State action. Indeed, his motion to intervene was denied by the Superior Court prior to the time he filed the notice of removal in this Court. Because Trammell is not a "defendant" within the meaning of § 1441(a), he is not entitled to remove this action. *See Gross v. Deberardinis*, 722 F. Supp. 2d 532, 534 (D. Del. 2010).

In addition, Trammell failed to comply with the requisites for removal. While he did provide some documents, he did not provide for the Court's review copies of all process, pleadings, or orders from the State proceedings. See 28 U.S.C. § 1446(a). Nor did Trammell file a copy of the notice of removal with the State court as is required under § 1446(d).

Trammell does not have standing in the state court case and failed to comply with the requisites for removal. This renders the removal procedurally defective. The Court therefore does not need to consider whether it would have original jurisdiction. Therefore, the Court will summarily remand the case to the Superior Court of the State of Delaware in and for Sussex County.

## CONCLUSION

For the above reasons, the Court will summarily remand the case to the Superior Court of the State of Delaware in and for Sussex County.

An appropriate order will be entered.